IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| TIMOTHY TREAT, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 3:13CV00234-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Timothy Treat, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Plaintiff had previously received child disability benefits but, as an adult, the Commissioner determined he was no longer disabled. Both parties have submitted appeal briefs and the case is for ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the court must consider evidence that detracts from the commissioner's decision as well as evidence that supports it; the court may not, however, reverse the commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues that the ALJ wrongly discounted his mental impairments (Doc. No. 13 at 15-20), and incorrectly assessed his physical abilities. (*Id*. at 20-24.) Clearly Plaintiff has mental and physical limitations. However, the record fails to support an allegation of complete disability.

This case is essentially a disagreement over the interpretation of the medical records. For example, both sides point to the evaluation performed by Dennis Vowell, II, Psy.D., to support their respective positions. The evaluation does note some favorable information for Plaintiff as discussed in his brief. However, as the Commissioner cites, the evaluation also supports the ALJ's decision. And as the Commissioner notes, the ALJ also relied on more recent treatment records indicating that Plaintiff was able to function at a level to perform unskilled sedentary work. (Tr. 15-16.) This is further supported by Plaintiff's own statements as to his activities of daily living. (Tr 180-184.) While there is information in both the treatment records and Plaintiff's statement of activities of daily living that supports his position, the evidence also supports the ALJ's decision. Given the "substantial evidence" test for social security disability appeals, the Court is unwilling to reverse an ALJ who makes a close call so long as this call is supported by the evidence.

With regard to the question of whether or not Plaintiff suffers from mental retardation or

borderline intellectual functioning, the Court concludes that the record supports a finding that Plaintiff experiences borderline intellectual functioning. The Commissioner's argument on this point is persuasive as is the ALJ's decision.

The various evaluations of the medical records by medical doctors also supports the ALJ's residual functional capacity assessment. Winston Brown, M.D., provided a Psychiatric Review Technique Form[1] (332-339) and completed a Mental Residual Functional Capacity Assessment. (Tr. 368-371.) And Jerry Thomas, M.D., as well as Jim Takach, M.D., each performed Physical Residual Functional Capacity Assessments. (Tr. 354-66, 829-836.) While the Court recognizes these evaluations were performed solely by reviewing the medical records, it still provides support for the ALJ's assessment. Especially when, as here, these assessments are supported by the overall evidence of record.

Plaintiff has made other arguments that the Court has considered and finds to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ

---

[1] In addition to the five-step sequential evaluation process, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. § 404.1520a. The steps of this process are documented by the completion of a standard form, the Psychiatric Review Technique Form. 20 C.F.R. § 404.1520a(d).

in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

    THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

    IT IS SO ORDERED this 24th day of November, 2014.

    _____
    JOE J. VOLPE
    UNITED STATES MAGISTRATE JUDGE